FILED: 12/10/2019 3:33 PM
David Trantham
Denton County District Clerk
By: Shelby Mccutcheon, Deputy

CAUSE NO. 19-10917-362 _____

| | | |
|---|---|---|
| SHELLY KAY | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS AND JASON MICHAEL | § | |
| SPRADLIN | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SHELLY KAY, and files this Original Petition against ASI LLOYDS, hereinafter referred to as ("ASI") and JASON MICHAEL SPRADLIN ("Spradlin") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Denton County, Texas.

ASI is in the business of insurance in the State of Texas. The insurance business done by ASI in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

1

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

Defendant **ASI Lloyds** may be served by serving its registered agent, Corporate Creations Network, Inc. at 5444 Westheimer Road, Suite 1000, Houston, Texas 77056-5318 by certified mail, return receipt requested. **Service is requested at this time.**

Defendant **Jason Michael Spradlin** is a Texas resident and may be served at his business address at 1020 NE Loop 410, Suite 805, San Antonio, Texas 78209 by certified mail, return receipt requested. **Service is requested at this time.**

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Denton County, Texas because all or part of the conduct giving rise to the causes of action were committed in Denton County, Texas and Plaintiff and property which is the subject of this suit are located in Denton County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### BACKGROUND FACTS

Plaintiff is the owner of an Insurance Policy (hereinafter referred to as "the Policy"). Plaintiff owns the insured property, which is located at 6 Troon Drive, Trophy Club, Texas (hereinafter referred to as "the Property"). ASI sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses when a hail/wind storm damaged the Property, and Plaintiff reported same to ASI pursuant to the terms of the Policy. Plaintiff asked that ASI cover the cost of repairs to the Property pursuant to the Policy.

2

ASI assigned Spradlin to adjust the claim and investigate the damages. To date, ASI and Spradlin have completely mishandled Plaintiff's claims and caused Plaintiff further and additional damages. ASI and Spradlin failed to conduct a full, fair, prompt and reasonable investigation of Plaintiff's covered damages. As described in more detail below, Spradlin conducted an outcome-oriented investigation and under-scoped Plaintiff's damages in order to allow ASI to avoid full payment on the claim. In fact, Spradlin have identified and acknowledged that there is hail and wind damage present at Plaintiff's property.

Further, ASI made material misrepresentations about Policy provisions, coverage and the law in Texas applying thereto. ASI and its agents have kept and have in their possession a claim file which details the Plaintiff's claim and their investigation, adjustment and subsequent denial of full payment on the claim.

As detailed in the paragraphs below, ASI wrongfully denied Plaintiff's claim for full and complete repairs to the Property even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, ASI failed to fully pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff and engaged its agents to misrepresent Policy provisions and coverage. To date, ASI continue to delay in the payment for the damages to the Property.

## V.
## CAUSES OF ACTION AGAINST ASI

### A. BREACH OF CONTRACT

Plaintiff re-alleges the foregoing paragraphs. ASI and its agents' conduct constitutes a breach of the insurance contract between it and Plaintiff. ASI's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract

3

with Plaintiff.

ASI failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, ASI refused to pay the full proceeds of the Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. ASI's conduct constitutes a breach of the insurance contract between it and Plaintiff.

B.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE

1.  UNFAIR SETTLEMENT PRACTICES

Plaintiff re-alleges the foregoing paragraphs. Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. ASI violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

§ 541.051. **Misrepresentation regarding Policies.**

- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the terms of a policy; and
- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the benefits of a policy.

§ 541.060. **Unfair Settlement Practices.**

Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;
- making misrepresentations of law;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which

4

  - liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;
  - failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;
  - refusing to affirm or deny coverage within a reasonable time;
  - refusing to conduct a reasonable investigation;
  - ignoring damage known to be covered by the Policy;
  - conducting an outcome-oriented investigation in order to provide a basis to underpay the claim; and/or
  - relying on biased experts.

**§ 541.061. Misrepresentation of Insurance Policy.**

  - Making an untrue statement of material fact;
  - Failing to state a material fact necessary to make other statements made not misleading;
  - Making a misleading statement; and
  - Failing to disclose a material matter of law.

2. **THE PROMPT PAYMENT OF CLAIMS**

Plaintiff re-alleges the foregoing paragraphs. ASI's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

ASI failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, ASI failed to accept or deny Plaintiff's full and entire claims within the statutorily-mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

ASI failed to timely pay Plaintiff's claim, and failed to timely pay for all of the covered losses. TEX. INS. CODE §542.057.

ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claims and, to date, Plaintiff has not received full payment for the covered losses. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Because of ASI's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

### C.  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff re-alleges the foregoing paragraphs. ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insureds pursuant to insurance contracts.

From and after the time Plaintiff's loss was presented to ASI, its liability to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Further, ASI's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

# VI.
# CAUSES OF ACTION AGAINST DEFENDANT SPRADLIN

## A. NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Spradlin was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Spradlin and his agents constitute one or more violations of the Texas Insurance Code. More specifically, Spradlin has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claims with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- hiring biased experts;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide the carrier with a basis to underpay the claims.

7

The foregoing paragraphs are incorporated herein. ASI assigned the loss and the claims to Spradlin who was at all pertinent times the agent of ASI, through both actual and apparent authority. The acts, representations and omissions of Spradlin are attributed to ASI.

Spradlin inspected Plaintiff's Property. During the inspection, he was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's loss, including determining the cause of and then quantifying the damage to the exterior of Plaintiffs' Property. However, Spradlin failed to conduct a reasonable investigation by purposefully ignoring covered damages, including the interior damages. Plaintiff's agent requested that Spradlin examine all of the damage at the Property, but Spradlin refused and made coverage determinations without looking at all of the damages. Spradlin's inadequate investigation was confirmed following the hiring of the undersigned as missed damages were identified, paid, and then ASI paid prompt payment penalties for these missed damages.

Despite the fact that the Texas Insurance Code dictates that adjusters must conduct a prompt and reasonable investigation and adjustment of a claim, Spradlin failed to do so and actually set out to conduct an outcome-oriented investigation and adjustment which resulted in an inequitable settlement of Plaintiff's claim. In order to avoid litigation, Plaintiff hired a public adjuster to attempt to get her claim paid, but Spradlin ignored the damages the public adjuster identified.

Despite having been assigned the claims, and despite being given authority and instructions to inspect, adjust and evaluate the claims, Spradlin failed and refused to properly and timely adjust the claims. He failed to request information, failed to adequately investigate the claims, failed to respond to requests for information from the Plaintiff and/or its agents, failed to timely evaluate

8

the claims, failed to timely estimate the claims, and failed to timely and properly report to ASI and make recommendations to it to address all the covered damages.

The Plaintiff provided information regarding the loss and the claims to Spradlin. The Plaintiff allowed him full and complete access to the Property. The Plaintiff provided sufficient information when requested to Spradlin so he could fairly and reasonably adjust and evaluate the loss, but he failed to do so. Spradlin also misrepresented the policy to Plaintiff. As result of Spradlin's misrepresentations, inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Spradlin's conduct caused a failure to effectuate a prompt, reasonable settlement of the claim. Moreover, one or more of the foregoing acts or omissions were committed "knowingly" entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR CIVIL CONSPIRACY

Plaintiff re-alleges the foregoing paragraphs. The Defendants conspired to underpay Plaintiff's claim. ASI assigned Spradlin to investigate Plaintiff's claim, and the Defendants set out to intentionally conduct an outcome-oriented investigation in order to avoid paying for all of the damages to Plaintiff's Property covered by the Policy. The Defendants' conspiracy was a proximate cause of Plaintiff's damages.

## VIII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by

9

Defendants as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, consequential damages not covered by Plaintiff's Policy and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation

10

and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.

In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage to the Property caused by losses made the basis of Plaintiff's claims, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the Defendants violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## XI.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ASI

1) Produce the non-privileged portion of ASI's complete claim files for Plaintiff's Property relating to or arising out of any damages caused by the losses determined by Defendant's expert and Plaintiff's for which ASI opened claims under the Policy.

2) Produce all emails and other forms of communication between ASI, its agents, adjusters, employees, or representatives and the adjuster, and/or his agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property which are the subject of this suit.

## XIII.
## FIRST REQUEST FOR PRODUCTION TO DEFENDANT SPRADLIN

1) Produce Spradlin's complete claims or adjusting file for Plaintiff's Property.

2) Produce all emails and other forms of communication between ASI, its agents, adjusters, employees, or representatives and Spradlin and/or his agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property which are the subject of this suit.

## XIV.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against Defendants for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court. FOR THE COURT: Plaintiff is forced to state a range amount of damages sought although Plaintiff believes that the amount of damages is solely for the jury to determine. However, because Plaintiff must state a range of damages, Plaintiff pleads that the damages are more than $100,000 but not more than $200,000. Plaintiff further pleads for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against ASI, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone:  (210) 775-1424
Facsimile:   (210) 775-1410
Electronic Mail: shannon@theloydlawfirm.com

BY: _____
SHANNON E. LOYD
State Bar No. 24045706

ATTORNEY FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

13